IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MIDFIRST BANK,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-cv-488 |
| | § | |
| **DAVID WILSON, GLORIA CERIL,** | § | |
| **NATHAN MAIZE, SANDRA FONTENOT,** | § | |
| **TAMMY BOB, and RANDY THOMAS,** | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff MidFirst Bank ("MidFirst" or Plaintiff"), and files this *Original Complaint* against David Wilson, Gloria Ceril, Nathan Maize, Sandra Fontenot, Tammy Bob, and Randy Thomas ("Defendants") and shows:

### I.   PARTIES

1. MidFirst Bank is a "mortgagee" as is defined in Texas Property Code § 51.001(4) and is appearing through the undersigned counsel.

2. Decedent Wilma Wilson ("Decedent") was a borrower under a loan agreement. Decedent died on or about October 7, 2022. Upon information and belief, no probate is open for Decedent's estate in Dallas County, Texas, the county where the subject Property is located or in the county in which she died. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedent's estate.

3. Pursuant to Texas Estates Code §§ 101.001, 202.051, and 202.001, the heirs at law of the Decedent ("Heirs"), whether known or unknown, acquired all of the Decedent's estate,

including an undivided interest in the subject real property, immediately upon Decedent's death. Decedent's Heirs are made a party in this proceeding.

4. Defendant David Wilson is an obligor and mortgagor under the subject loan agreement. Further, he is the ex-husband of the Decedent. David Wilson may be served at 4713 Meadowview Drive, Mesquite, Texas 75150, or any other place he may be found. Summons is requested.

5. Defendant Gloria Ceril is an heir and sister of the Decedent. Gloria Ceril may be served at 4740 Evergreen Drive, Port Arthur, Texas 77642, or any other place she may be found. Summons is requested.

6. Defendant Nathan Maize is an heir and brother of the Decedent. Nathan Maize may be served at 725 Smithfield Drive, Jonesboro, Arkansas 72401, or any other place he may be found. Summons is requested.

7. Defendant Sandra Fontenot is an heir and sister of the Decedent. Sandra Fontenot may be served at 3989 12th Street, Port Arthur, Texas 77642, or any other place she may be found. Summons is requested.

8. Defendant Tammy Bob is an heir and sister of the Decedent. Tammy Bob may be served at 3917 Kite Meadow Drive, Plano, Texas 75074, or any other place she may be found. Summons is requested.

9. Defendant Randy Thomas is an heir and brother-in-law of the Decedent. Randy Thomas may be served at 2700 3rd Avenue, Groves, Texas 77619, or any other place he may be found. Summons is requested.

## II. PROPERTY

10. This proceeding concerns the real property and improvements commonly known as 4713 Meadowview Drive, Mesquite, Texas 75150 (the "Property") and more particularly described as follows:

> LOT 34, BLOCK 7, OF MEADOWVIEW FARMS, AN ADDITION TO THE CITY OF MESQUITE, DALLAS COUNTY, TEXAS, ACCORDING TO THE MAP THEREOF RECORDED IN VOLUME 81201, PAGE 1824, OF THE MAP RECORDS OF DALLAS COUNTY, TEXAS AND CERTIFICATE OF CORRECTION DATED MARCH 30, 1984, FILED APRIL 5, 1984, RECORDED IN VOLUME 84068, PAGE 6267, DEED RECORDS, DALLAS COUNTY, TEXAS.

## III. DIVERSITY JURISDICTION AND VENUE

11. This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

12. MidFirst is a federally chartered savings association with its main office in Oklahoma. In *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court held that a national bank is a citizen of the state where its main office, as designated in its articles of association, is located. *Wachovia Bank, N.A*. 546 U.S. at 307; see 28 U.S.C. § 1348 (2006). Therefore, Plaintiff is a citizen of Oklahoma for purposes of diversity jurisdiction.

13. Defendants David Wilson, Gloria Ceril, Sandra Fontenot, Tammy Bob, and Randy Thomas are individuals and citizens of the State of Texas.

14. Defendant Nathan Maize is an individual and citizen of the State of Arkansas.

15. In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its

owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC,* 737 F.3d 338, 341 (5th Cir. 2013).

16. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

17. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The Dallas County Central Appraisal District values the Property at $275,840.00.

18. Venue is proper in the Northern District of Texas, Dallas Division, under 28 U.S.C. § 1391(a)(2) because this suit concerns title to real property located in Dallas County, Texas.

### IV. FACTS

19. On or about August 3, 1992, for value received, Decedent Wilma Wilson and Defendant David Wilson ("Borrowers") executed that certain *Note* ("Note") in the original principal sum of $98,194.00 bearing interest at the rate of 8.500% per annum, originally payable

to Temple-Inland Mortgage Corporation as lender on a loan secured by the Property. A true and correct copy of the Note is attached hereto as **Exhibit A.**

20.     Concurrently with the execution of the Note, the Borrowers executed a *Deed of Trust* ("Security Instrument" and together with the Note, "Loan Agreement"), as grantor, granting Mortgage Electronic Registration Systems, Inc., as beneficiary for Temple-Inland Mortgage Corporation, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the Official Public Records of Dallas County, Texas in Volume 99012, Page 08842 as Instrument No. 441901 on August 11, 1992. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

21.     Subsequently, Mortgage Electronic Registration Systems, Inc., as beneficiary for Temple-Inland Mortgage Corporation transferred and assigned the Loan Agreement to Plaintiff. The *Corporate Assignment of Deed of Trust* was recorded in the Official Public Records of Dallas County, Texas as Instrument No. 202300172342 on August 25, 2023. A true and correct copy of this Assignment is attached hereto as **Exhibit C**.

22.     Plaintiff is the current holder of the Note, specially indorsed to MidFirst Bank and beneficiary of the Security Instrument. It is also a *mortgagee* of the Loan Agreement, as defined by Texas Property Code § 51.0001(4).

23.     On or about October 7, 2022, Decedent passed away. No probate was ever opened for her. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, her heirs acquired all of her interest in the Property immediately upon her death—subject to the Loan Agreement debt owed to Plaintiff.

24. Under the terms of the Loan Agreement, the Borrowers are required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

25. The Loan Agreement further provides that should Borrowers fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

26. The Loan Agreement is currently due for the May 1, 2023 payment and all subsequent monthly payments. A notice of default was sent via certified mail to Defendant David Wilson and the Estate of Wilma Wilson at the Property address in accordance with the Loan Agreement and the Texas Property Code on August 23, 2023. A true and correct copy of the notice of default is attached hereto as **Exhibit D**.

27. The default was not cured, and the maturity of the debt was accelerated. A *Notice of Acceleration of Loan Maturity* was sent via certified mail to Borrowers at the Property's address in accordance with the Loan Agreement and the Texas Property Code on November 30, 2023. A true and correct copy of the notice of acceleration is attached hereto as **Exhibit E**.

28. In accordance with Texas Rule of Civil Procedure 54, all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property.

29. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

## V. CAUSE OF ACTION- DECLARATORY JUDGMENT

30. The foregoing paragraphs are incorporated by reference for all purposes.

31. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

## VI. CAUSE OF ACTION - ENFORCEMENT OF STATUTORY PROBATE LIEN

32. The foregoing paragraphs are incorporated by reference for all purposes.

33. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan and the following statutory authority:

   a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:

   *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*

   b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

   *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

   c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

   *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in*

> *each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

34. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

### VII. CAUSE OF ACTION- NON-JUDICIAL FORECLOSURE

35. The foregoing paragraphs are incorporated by reference for all purposes.

36. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendants who acquired and/or have a potential interest in the Property subject to Decedent's debts.

37. A public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities, and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process and would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community.

### VIII. CAUSE OF ACTION- JUDICIAL FORECLOSURE

38. The foregoing paragraphs are incorporated by reference for all purposes.

39. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

40. Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Dallas County, Texas where the Property is located directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt, pursuant to Texas Rules of Civil Procedure 309.

## IX. CAUSE OF ACTION - ATTORNEY'S FEES

41. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the Loan, and Texas Civil Practice and Remedies Code §38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Deed of Trust.

## X. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendants be cited to appear and answer, and the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Deed of Trust and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the Property;

b. A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendants are divested, and the purchaser at foreclosure sale is vested, of all of Decedent's right, title, and interest to the Property;

c. Attorney fees and costs of suit; *and*

d. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: _/s/ Mark D. Cronenwett_
**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**CHEYENNE D. HALEY**
Texas Bar No. 24131883
chaley@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 North Dallas Parkway, Ste. 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**